IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLOTTE MALDONIS a/k/a
CHARLOTTE JOHNSON,

                                          OPINION AND ORDER

                   Plaintiff,

v.                                              08-cv-460-slc

CITY OF SHELL LAKE,

                   Defendant.

---

In this civil action brought under 42 U.S.C. § 1983, plaintiff Charlotte Maldonis contends that defendant City of Shell Lake violated her right to due process under the Fourteenth Amendment by terminating her contract for property assessment services without notice and opportunity for a hearing. Before the court is defendant's motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant contends that plaintiff has failed to allege sufficient facts to state a due process claim because she fails to identify a constitutionally protected property interest and was not entitled to notice or a hearing. Defendant is correct.

Plaintiff has not stated a Fourteenth Amendment claim because she has not pointed to any constitutionally protected property interest. As a result plaintiff had no right to any pre-deprivation process. Plaintiff's allegations suggest that perhaps she has suffered a breach of contract, but this is not the claim she brought and in any event, "mere breach of contract by the government does not give rise to a constitutional claim." *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 770 (7th Cir. 1985). Therefore, I am granting the motion to dismiss.

For the purpose of deciding defendant's motion to dismiss, I accept as true the allegations of fact in plaintiff's amended complaint. Although motions to dismiss generally are confined to matters within the four corners of the pleadings, in this case it was appropriate for defendant also to submit the parties' contract. Documents attached to a motion to dismiss are treated as part of the pleadings if they are referenced by plaintiff's complaint and are central to plaintiff's claim. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Wright v. Associated Insurance Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Because plaintiff referenced the contract in her complaint and the contract is central to her claims, it is within the pleadings and I will consider it. To the extent that its provisions conflict with the allegations in plaintiff's complaint, the contractual provisions will control.

FACTS

Plaintiff Charlotte Maldonis is certified by the state of Wisconsin as a tax assessor and performs tax assessment services for Wisconsin municipalities. Defendant City of Shell Lake is a municipal corporation. On or about December 20, 2006, the parties entered into a contract under which plaintiff would be paid $18,900 to reassess properties in the city of Shell Lake, Wisconsin in 2007. This contract was signed by plaintiff and Bradley Pederson, the city administrator.

Plaintiff completed the property assessments in or about September 2007. On October 11, 2007, Shell Lake's city council met in closed session. Following this closed session, the city council directed the city's attorney and administrator to notify plaintiff that her contract was terminated. Plaintiff was not given advance notice of this closed session, had no opportunity

to be heard, and was never given a reason for the decision to terminate her contract. Plaintiff has not yet received any compensation from defendant for her assessment services.

OPINION

A. Sufficiency of the Complaint

Under Fed. R. Civ. P. 8(a), a complaint states a claim when it includes "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded allegations of the complaint and draw all inferences in favor of the non-movant. *Levenstein v. Salafasky*, 164 F.3d 345, 347 (7th Cir. 1998). A claim should be dismissed under 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007). To survive a motion to dismiss, plaintiff must allege enough facts to plausibly suggest she is entitled to relief and that discovery will reveal evidence of her claim. *Id.* at 1965.

Even if true, the allegations in plaintiff's complaint do not raise a procedural due process claim. Procedural due process claims require the court to determine: (1) whether the plaintiff has been deprived of a protected liberty or property interest, and, if so, (2) whether the deprivation occurred without due process. *Doe v. Heck*, 327 F.3d 492, 526 (7th Cir. 2003). Property interests are enforceable entitlements to a benefit or right. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Swick v. City of Chicago*, 11 F.3d 85, 86 (7th Cir.1993). Property interests are not created by the Constitution; they are created and defined by independent sources such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Thus, to survive this motion to dismiss, plaintiff must identify some entitlement or right she had under Wisconsin law. She attempts to do so by pointing to two different sources: (1) Wisconsin Statute §17.12 and (2) the contract itself.

1. Property interest created by statute

Plaintiff contends that under Wis. Stat. § 17.12(1)(c), she, as the city assessor, could only be dismissed by the city council "for cause." Generally, a party whose employment can only be terminated "for cause" has a property interest in that position. *Lalvani v. Cook County*, 269 F.3d 785, 791 (7th Cir. 2001). But plaintiff's contract establishes that Wis. Stat. § 17.12(1)(c) does not apply to her. That statute only applies to appointed officers and she was not "appointed."

Plaintiff's allegation in her complaint that she "entered into a contract . . . appointing [her] city assessor for 2007" is a legal conclusion and does not, in itself, permit her to survive a motion to dismiss. When a complaint's legal conclusions conflict with its factual allegations, the factual allegations control. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998). Here, plaintiff's contract contradicts her contention that she was appointed. Under Wis. Stat. § 62.09(3)(b), an assessor can only be appointed by the mayor or the city council. But plaintiff's contract was signed by the city administrator, not the mayor or defendant's city council.

Plaintiff misconstrues defendant's argument about the importance of this signature. Defendant has not alleged that the city administrator was not authorized to sign a contract on behalf of the city. In fact, defendant agrees that the parties had a contract. Defendant correctly notes, however, that on its face the contract shows plaintiff was not appointed city assessor. It is unavailing for plaintiff to riposte that, because the contract was not drafted by a lawyer, its

4

references to "the assessor" are enough to show appointment; regardless of who drafted it, the plain language of the contract contradicts plaintiff's contention that she was appointed assessor.

Plaintiff observes that Wis. Stat. § 62.09 authorizes the appointment of independent contractors, but this is a red herring. Wis. Stat. § 62.09(1)(c) provides that either a corporation or an independent contractor may be appointed as city assessor; it does not, however, excuse independent contractors from the appointment requirement. Further, the statute's definition of "independent contractor" illustrates that a contract is not, without more, sufficient to constitute an appointment. Under Wis. Stat. § 62.09(1)(c), an independent contractor means " . . . a person who either is *under contract* to furnish appraisal and assessment services or is customarily engaged in an independently established trade, business or profession . . ." Accordingly, a person, like plaintiff, under contract to provide assessment services still must be appointed city assessor.

Finally, even if plaintiff had been appointed city assessor, Wis. Stat. § 17.12 does not give her a property interest in the position. Wis. Stat. § 17.12 provides that appointive officers "*may* be removed" for cause. The use of permissive language such as "may be removed" does not create a property interest in continued employment. *Moss v. Martin*, 473 F.3d 694, 701 (7th Cir. 2007) (no property interest in position where personnel manual stated 'employee *may* be discharged for cause'); *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1347 (7th Cir. 1995) (no property interest in position where employee handbook stated department '*may* dismiss employees for cause') *Flanigam v. County of Winnebago*, 243 Fed. Appx. 171 (7th Cir. 2007) (no property interest in position where Illinois statute provided that department head '*may* suspend' employees for cause).

5

2. Property interest created by the contract

Plaintiff's complaint asserts that plaintiff had a property interest in the contract, but plaintiff fails to cite any contract provision granting such an interest.  The mere existence of a contract does not, by itself, create a property interest.  *Yatvin v. Madison Metropolitan School District*, 840 F.2d 412 (7th Cir. 1988) (finding it necessary to "distinguish between 'mere' contract rights and property rights created by contracts"); *Sudeikis*, 774 F.2d at 770 (breach of contract claim not co-extensive with claim for deprivation of property interest).  Accordingly, there is no support for plaintiff's argument that the contract constituted a property interest.

3. Pre-Deprivation Process

Plaintiff alleges that she was entitled to notice and pre-deprivation hearing pursuant to the procedural guarantees of Wis. Stat. § 17.12 and § 19.85(10)(b).  This is incorrect: because plaintiff has not shown that she had a property interest in her contract, she had no right to a hearing.  *Grennier v. Frank*, 453 F.3d 442, 446 (7th cir. 2006).

ORDER

IT IS ORDERED that defendant City of Shell Lake's motion to dismiss is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 28th day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge